Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000744
22-NOV-2019
09:33 AM

NO. CAAP-18-0000744

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KL, Plaintiff-Appellee, v.
RL, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-D NO. 14-1-0083)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant RL (**Father**) appeals from the
September 4, 2018 Order Granting Plaintiff's Motion to Dismiss
Defendant's Motion and Affidavit for Order to Show Cause (**Order
Dismissing Motion**) and the February 21, 2019 Order Denying
Defendant's Second Motion for Reconsideration Filed September 12,
2018 and Awarding Attorney's Fees (**Order Denying Second Motion
for Reconsideration**), both entered by the Family Court of the
Fifth Circuit (**Family Court**).[1]  Father also seeks to challenge
the Family Court's September 25, 2018 Memorandum (**Memorandum
Striking Motion**), which appears to have been signed but unfiled

_____

[1]     The Honorable Edmund D. Acoba presided.

and which stated that Father's August 8, 2018 Motion to Reconsider [the Order Dismissing Motion] is stricken. The Memorandum Striking Motion further stated that Plaintiff-Appellee KL (**Mother**) shall prepare the order and be awarded attorney fees.[2]

Father raises three points of error on appeal, contending that the Family Court erred when it: (1) entered the Order Dismissing Motion predicated on a finding that Father failed to comply with Hawai'i Family Court Rules (**HFCR**) Rule 10; (2) issued the Memorandum Striking Motion, directing that Father's August 8, 2018 Motion to Reconsider be stricken; and (3) awarded Mother attorney's fees in the amount of $4,770, in conjunction with the Order Dismissing Motion.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows:

(1) On May 29, 2018, Father filed a post-decree Motion and Affidavit for Order to Show Cause and Relief After Order or Decree (**Third Motion for Post-Decree Relief**) in which he sought relief related to custody, visitation, and child support for the parties' children. On July 3, 2018, Mother filed *pro se* Plaintiff's Motion to Dismiss Defendant's Motion and Affidavit for Order to Show Cause and Relief After Order or Decree (**Mother's Motion to Dismiss**), which requested that the Family

---

[2] It appears from the record on appeal that a form of order was submitted to the court, but never entered.

Court "dismiss" the Third Motion for Post-Decree Relief and impose sanctions on the grounds that Father had not made a good-faith effort to complete mediation, mediation had resulted in a signed agreement which could be reduced to an order by stipulation, Mother was willing to further mediate outstanding issues, and that Father's desire to resolve disputed issues through litigation is burdensome. Thereafter, it appears that Mother engaged counsel. On July 24, 2018, through counsel, Mother filed a further Declaration including various factual assertions, her opposition to Father's requests for relief, and her request that Father be sanctioned. On July 27, 2018, through counsel, Mother filed a memorandum in support of Mother's Motion to Dismiss. In this memorandum, Mother argued essentially the same grounds for dismissal, with greater specificity and emphasis on her assertion that Father was improperly trying to relitigate custody instead of resolving issues through previously-ordered mediation. In a single sentence in the memorandum, Mother asserted: "There is no affidavit or declaration in support of the Motion."

The August 2, 2018 hearing on the motions began as follows:

> THE COURT: . . .
> There are two matters on the calender this morning.
> The Court had a chance to review defendant's motion and affidavit for order to show cause and relief after order or decree, filed, May 29th, 2018; the plaintiff's response filed [on] July 3rd, 2018. And also [to Mother's counsel], Mr. Diehl, you filed -- I guess it's a supplement memorandum in support --
>
> MR. DIEHL: I did, your Honor.
>
> THE COURT: -- of the motion to dismiss the --

MR. DIEHL: I filed a memorandum in support on July the 27th and we filed a declaration of [Mother] on July 24th.

THE COURT: The Court had a chance to review all of those documents.

MR. DIEHL: Thank you.

THE COURT [to Father's counsel]: Mr. Farrell, did you have a chance to -- did you receive all of those documents also?

MR. FARRELL: I have and I've reviewed them.

THE COURT: Okay. I want to deal with the motion to dismiss first. And I think, Mr. Diehl, your memorandum in support, I guess, addresses the compliance with Rule 10 --

MR. DIEHL: Yes.

THE COURT: -- no declaration or affidavit. Mr. Farrell, do you want to address that --

MR. FARRELL: Your Honor --

THE COURT: -- because Rule 10 says -- I mean, it's pretty clear what Rule 10 says, if there are facts --

MR. FARRELL: -- put my client under oath and he'll -- or just let me make an offer of proof that if called to testify, he would testify that the facts related in my declaration are true -- my memorandum in opposition are true -- memorandum in support are all true, to the best of his knowledge and ability.

THE COURT: But shouldn't that be in the motion according to Rule 10?

MR. FARRELL: Not necessarily. I mean, if you do that, you'll just be exalting form over substance. I mean, you know, I could retype my memorandum as a declaration. What would that tell you that you wouldn't already know; right? Why make me do that drill. I don't know. Is there some point to it?

. . . .

MR. FARRELL: Well, you know, your Honor, I would ask that the Court interpret the rules in light of common sense and what the purpose of those rules are, and it's simply to ensure that the plaintiff or the movant, you know, is aware of the facts that are being asserted on his behalf and is testifying himself as to the truth of those facts.

So when I've got the guy sitting right here and he's prepared to testify under oath and say yeah, sure, I reviewed the memorandum in support. In fact, I reviewed the draft of it. I made corrections to errors of fact made by Mr. Farrell to make sure that everything was true and correct before it was submitted to the Court, and the document that you have before you is what I would testify to. That has satisfied the purpose of the rule.

After further arguments of counsel in the same vein, the Family Court announced that the Third Motion for Post-Decree Relief was dismissed, without prejudice, and that attorney's fees would be awarded to Mother.

HFCR Rule 10 provides, in part:

**Rule 10. MOTIONS.**

(a) **Form of motions.** All motions, except when made during a hearing or trial, shall be in writing, shall state the grounds therefor, shall set forth the relief or order sought, and if involving a question of law shall be accompanied by a memorandum in support of the motion. Every motion, except one entitled to be heard ex parte, shall be accompanied by a notice of hearing or setting for hearing thereof. <u>If a motion requires the consideration of facts not appearing of record, it shall be supported by affidavit or declaration</u>. All written motions shall comply with the requirements of Rule 7.1 of these rules.

(b) **Declaration in lieu of affidavit.** In lieu of an affidavit, an unsworn declaration may be made by a person, in writing, subscribed as true under penalty of law, and dated, in substantially the following form:

I, ˙(name of person), do declare under penalty of law that the foregoing is true and correct.
            Dated: _____
                  Signature_____

(Emphasis added).

The Third Motion for Post-Decree Relief clearly required the Family Court to consider facts not appearing in the record. For example, Father requested a modification of the parties' basic timesharing schedule. The memorandum in support of the Third Motion for Post-Decree Relief referenced a change in Father's employment from when the existing schedule had been adopted by the court. HFCR Rule 10 required Father to attest to the facts related to his new job and his modified work schedule, if Father wanted the Family Court to consider these facts in conjunction with Father's request for a modification in the custody schedule.

Essentially, Father argued to the Family Court that, under the circumstances of this case, the court's rigid enforcement of HFCR Rule 10 was unduly harsh and inflexible. Later, when seeking reconsideration, and on appeal, Father submits that the Third Motion for Post-Decree Relief did in fact comply with HFCR Rule 10 and that Father's counsel was caught off-guard at the August 2, 2018 hearing as he was prepared to argue the merits of the motion. From the transcript, it appears that counsel had not taken note of the sentence in Mother's supplemental memorandum asserting "[t]here is no affidavit or declaration in support of the Motion," perhaps because Father did in fact sign and swear to the contents of the Third Motion for Post-Decree Relief, which begins with "The Undersigned Affiant Moves . . . ," and Father's signature was certified and sealed by a notary public. At no time during the August 2, 2018 hearing did the Family Court acknowledge that there was in fact an affidavit of sorts before the court; however, at no time during the August 2, 2018 hearing did Father's counsel point out this fact to the court or argue that the existing affidavit was sufficient or request an opportunity to submit a further or more substantial affidavit. Instead, Father argued that, as a practical matter, the failure to file an affidavit was curable, the court should let Father affirm the factual assertions, and the court should consider the substance of the motion.

We review the Family Court's action for an abuse of discretion. The Family Court is afforded "wide discretion in making its decisions and those decision[s] will not be set aside

unless there is a manifest abuse of discretion." <u>Fisher v. Fisher</u>, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting <u>In re Doe</u>, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)). "Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." <u>Id.</u> (quoting <u>Doe</u>, 95 Hawai'i at 189, 20 P.3d at 622).

This is somewhat of a close call. The Family Court did not acknowledge the affidavit that was in fact part of the Third Motion for Post-Decree Relief, which was filed utilizing the Family Court's pre-printed form. The Family Court did not rule – for example – based on insufficiencies in the contents of Father's affidavit.[3] The corrective action suggested by Father's counsel, or perhaps allowing an alternative corrective action (such as a continuance or a supplemental declaration), would have been within the discretion of the court. Yet, the affidavit did not itself contain factual averments. Instead, pre-printed statements that "[t]he best interest of the minor child(ren) of the parties require that the existing orders regarding custody and/or visitation be modified as follows" and "[c]hange in the circumstances of the parties require that existing orders regarding support payments be modified as follows," were followed with "See Memorandum in Support attached hereto." The statement

---

[3] Although not sufficient to establish all of the facts Father was asserting in support of the Third Post-Decree Motion, the motion was also supported by contemporaneous Income and Expense Statement and Asset and Debt Statement, both of which were declared and certified by Father under penalty of perjury.

that "[t]he adverse party has violated existing orders of the Court as follows" was similarly followed with "See Continuation Sheet, attached hereto."[4]  The affidavit itself was devoid of substantive content of any kind.  On the other hand, Mother did not argue that *form* of affidavit was improper; she asserted that there was no affidavit and that "all we have is the testimony of counsel."[5]

We note that Father's two prior post-decree motions were similarly prepared on the court's pre-printed form, with reference to attachments and no substantive assertions typed onto the form affidavit itself.  On the record before us, it does not appear that there was any issue or concern raised with this form of submission.  It is unclear whether this is a common practice in the Family Court, but given the limited space on the court's form, and the similar, widely-used practice of, for example, referencing, averring to, and incorporating by reference exhibits to declarations or affidavits, such a practice would not seem to be *per se* inadequate or in violation of the rule.  But here, Father's affidavit made no attempt to, for example, attest to the truthfulness of statements made in the referenced memorandum in support.  The Third Motion for Post-Decree Relief required consideration of facts not appearing in the record, and Father's affidavit did not directly or indirectly attest to facts

---

[4]     No continuation sheet was attached.

[5]     On appeal, Mother also argues that the memorandum in support of the Third Motion for Post-Decree Relief was signed and dated by Father's attorney several days after Father's affidavit was signed and notarized. However, that argument was not made to the Family Court.

necessary to support the requested relief as required by HFCR Rule 10.

Finally, we note that the dismissal of the Third Post-Decree Motion was not to Father's substantial detriment, with respect to the court addressing the merits of the motion, as the Family Court's dismissal was without prejudice to the re-filing of a properly supported motion.

On balance, in consideration of the above, as well as the entire record of the proceedings before the Family Court, we cannot conclude that the Family Court abused its discretion in dismissing the Third Motion for Post-Decree Relief without prejudice.

(2)   Father argues that the Family Court erred when it issued the Memorandum Striking Motion, directing that Father's August 8, 2018 Motion to Reconsider be stricken.  Father submits that his August 8, 2019 Motion to Reconsider was timely filed because HFCR Rule 59 imposes only an outer limit on the service of a motion to alter or amend a judgment, citing Saranillio v. Silva, 78 Hawaiʻi 1, 7, 889 P.2d 685, 691 (1995). Notwithstanding the merits of Father's argument, the Memorandum Striking Motion is not in the record on appeal (an unfiled copy is submitted with Father's brief); it appears that neither Mother (as apparently directed) nor Father submitted a form of order to the court, and no order otherwise appears to have been entered consistent with the Memorandum Striking Motion.  Thus, it appears that the Memorandum Striking Motion is a nullity and is unreviewable on this appeal.  Instead, we conclude that Father's

August 8, 2018 Motion to Reconsider was deemed denied pursuant to Hawai'i Rules of Appellate Procedure Rule 4(a)(3). Father makes no other arguments and no other requests for relief with respect to the August 8, 2018 Motion to Reconsider.[6]

(3) Father challenges the award of attorney's fees against him in the amount of $4,770, as ordered in the Order Dismissing Motion. HRS § 580-47(f) (2018) provides, in relevant part:

> (f) Attorney's fees and costs. The court hearing any motion for orders either revising an order for the custody, support, maintenance, and education of the children of the parties . . . may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, . . . and all other circumstances of the case.

We therefore review the award of attorney's fees in a post-decree motion for relief for abuse of discretion.

Father contends that the award of attorney's fees should be reduced because the amount of time Mother's attorney worked on the matter, 16.9 hours, is excessive. Upon review of counsel's declaration regarding the attorney's fees incurred, as well as the related record in this case, we cannot conclude that the Family Court abused its discretion in awarding $4,770 in attorney's fees.

---

[6] Father makes no substantive argument regarding the Order Denying Second Motion for Reconsideration. We conclude that the Family Court did not plainly err in entering the Order Denying Second Motion for Reconsideration.

For these reasons, the Family Court's September 4, 2018 Order Dismissing Motion and February 21, 2019 Order Denying Second Motion for Reconsideration are affirmed.

DATED: Honolulu, Hawaiʻi, November 22, 2019.

On the briefs:

Thomas D. Farrell,
(Farrell & Perrault),
for Defendant-Appellant.

Richard J. Diehl,
(Diehl & Weger),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Keith K Hiraoka

Associate Judge